# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

CLEAR CHANNEL COMMUNICATIONS, INC.,
a Texas Corporation,

   Plaintiff,

v.            CASE NO.  4:05cv429-RH/WCS

WALTER M. GRIFFIN, III, an individual,
OPUS BROADCASTING TALLAHASSEE LLC,
a Delaware Corporation, and
OPUS MEDIA PARTNERS LLC, a
Delaware Corporation,

   Defendants.

_____/

## AMENDED PRELIMINARY INJUNCTION[1]

   This matter came on for hearing on November 22, 2005, on the motion of

plaintiff Clear Channel Communications, Inc. ("Clear Channel") for a temporary

restraining order and preliminary injunction.  The following findings of fact and

---

[1] This amended preliminary injunction is identical to the original preliminary injunction entered November 22, 2005, except for substitution of "May 20, 2006" for "May 20, 2005" as a date on which the injunction may expire. The intended date was 180 days after November 21, 2005 (the date when violation of the covenant not to compete at issue ended).  By its terms, the covenant runs for 180 days after termination of the violation.  The original injunction's reference to "May 20, 2005," was a scrivener's error.

conclusions of law, together with those set forth more fully on the record at the

conclusion of the hearing, are entered for purposes of this preliminary injunction

only:

1.  As a condition of his employment by a Clear Channel affiliate, defendant

Walter M. Griffin, III entered into a binding and valid covenant not to compete.

2.  As required by Florida Statutes §542.335(1):

(a)  The covenant was set forth in writing and signed by Mr. Griffin;

(b)  Clear Channel had legitimate business interests including substantial

relationships with specific clients justifying exaction of the covenant;

(c)  The covenant was reasonably necessary to protect the legitimate

business interests; and,

(d) The covenant was reasonable in time, area, and line of business.

3.  Mr. Griffin resigned his employment with the Clear Channel affiliate

effective July 18, 2005.  By its terms, the covenant not to compete continued for

180 days thereafter, to January 14, 2006.

4.  Mr. Griffin violated the covenant by accepting and performing

employment with defendant Opus Broadcasting Tallahassee LLC ("Opus")

between September 2005 and November 21, 2005.

5.  Issuance of a preliminary injunction is governed by a four-part test.  *See*

*Charles H. Wesley Education Foundation, Inc. v. Cox*, 408 F.3d 1349 (11th Cir.

2005).  Clear Channel has met all four prerequisites:

(a)  Clear Channel has a substantial likelihood of success on the merits in its claims against Mr. Griffin for violation of, and against Opus for interference with, the covenant.

(b)  Unless Mr. Griffin is enjoined from violating the covenant further, and unless Opus is enjoined from using information learned from Mr. Griffin as a result of his violation of the covenant, it is likely that Clear Channel will suffer irreparable injury.

(c)  The threatened injuries to Clear Channel outweigh any injury this preliminary injunction is likely to cause Mr. Griffin and Opus.

(d)  Entry of this preliminary injunction is not adverse to the public interest.

6.  Although Mr. Griffin's employment with Opus was terminated on November 21, 2005, it cannot be said with assurance that there is no reasonable expectation that the alleged violation will recur, and interim events have not completely and irrevocably eradicated the effects of the alleged violations.  As a matter of discretion, this preliminary injunction will be issued despite any voluntary cessation of the violation.  *See Dow Jones & Co. v. Kaye*, 256 F.3d 1251, 1254 (2001); *see also Friends of the Earth, Inc. v. Laidlaw*, 528 U.S. 167, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000); *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 n.10, 102 S. Ct. 1070, 71 L. Ed. 2d 152 (1982); *United States v. W.*

*T. Grant Co.*, 345 U.S. 629, 73 S. Ct. 894, 97 L. Ed. 1303 (1953).

For these reasons and those set forth on the record of the hearing,

IT IS ORDERED:

1.  Defendant Walter M. Griffin, III shall not directly or indirectly:

(a)     engage in sales of radio advertisements;

(b)     engage in management or training of employees with respect to sales of radio advertisements;

(c)     own any interest in any radio or television station or cable provider; or

(d)     have any employment relationship with any radio or television station or cable provider;

in the Tallahassee metropolitan statistical area, on behalf of anyone other than plaintiff Clear Channel Communications, Inc., or an affiliated entity.

2.  Defendant Walter M. Griffin, III shall not use in any way information in written or electronic form obtained directly or indirectly from plaintiff Clear Channel Communications, Inc. or any affiliated entity.  "Information in written or electronic form" does not include information broadcast over the air that is readily available in the same form to the general public.

3.  Defendant Opus Broadcasting Tallahassee LLC shall not use in any way

information in any form (whether oral, written, or electronic) obtained directly or indirectly from defendant Walter M. Griffin, III.

4.  This preliminary injunction shall remain in effect until the earliest of (i) entry of an order providing otherwise, (ii) entry of a final judgment in this action, or (iii) May 20, 2006.

5.  Each paragraph of this injunction is binding on the party specifically enjoined and the party's officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise.

6.  As security for this preliminary injunction for the period through November 29, 2005, plaintiff Clear Channel Communications, Inc. expressly undertook on the record to pay damages up to $100,000 incurred by any person found to have been wrongfully enjoined during that period.

7.  This preliminary injunction shall remain in effect on and after November 30, 2005, only if plaintiff Clear Channel Communications, Inc. gives security in the amount of $100,000 consisting of (a) an undertaking in writing to pay damages up to $100,000 incurred by any person found to have been wrongfully enjoined, if defendants Walter M. Griffin, III and Opus Broadcasting Tallahassee LLC consent in writing to posting of such an undertaking rather than a cash or surety bond; (b)

cash or cash equivalent deposited with the clerk of the court; or (c) a bond issued by an insurer qualified to issue such bonds in this state.

8.  This order will be reconsidered and a further evidentiary hearing held forthwith upon the filing of any motion showing good cause therefor.

9.  This order will be served by the court's electronic filing system.  Because Bruce A. Minnick, the attorney for defendant Opus Broadcasting Tallahassee LLC, has not registered on that system or filed a notice of appearance in this action, the clerk shall provide a copy of this order to Mr. Minnick electronically, by facsimile, or by mail.  Each other attorney shall provide a copy of this order to Mr. Minnick electronically or by facsimile immediately upon receipt unless the attorney confirms that a copy already has been provided to Mr. Minnick from another source.

SO ORDERED this 23d day of November, 2005, at 11:00 a.m., nunc pro tunc November 22, 2005, at 6:25 p.m.

s/Robert L. Hinkle_____
Chief United States District Judge